RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/27/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLES D. WASHINGTON (#513741) | DOCKET NO. 14-CV-1172; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus (28 U.S.C. §2254) filed by pro se Petitioner Charles D. Washington. Petitioner is an inmate in the custody of the Louisiana Department of Corrections (DOC), incarcerated at the David Wade Correctional Center in Homer, Louisiana. He challenges his conviction and sentence imposed in the Seventh Judicial District Court, Parish of Concordia.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

*Procedural History*

On March 26, 2008, the State filed a bill of information charging Defendant, Charles D. Washington, with simple burglary, a violation of La.R.S. 14:62. On the same date, the State charged him with simple battery, a violation of La.R.S. 14:35. The two charges were assigned docket numbers 08-0309 and 08-0310. See State v. Washington, 2010 WL 3903959 (La.App. 3 Cir.), 2010-53 (La.App. 3 Cir. 10/6/10).

On March 10, 2009, petitioner was convicted of simple burglary and simple battery. Petitioner was then charged in a separate bill that same day as a habitual offender, docket number 09-0584. On March 11, 2009, Petitioner was sentenced to serve six months for the simple battery conviction, which was to run concurrent with a sentence of twelve years at hard labor for the simple burglary conviction. Following a court recess, Petitioner plead guilty to the habitual offender bill 09-584. The twelve year sentence was vacated, and a twenty year sentence was imposed. Id.

On September 29, 2009, Petitioner filed an application for post conviction relief, seeking an out-of-time appeal,[1] which was granted. Apparently, Petitioner then filed two separate appeals, 2010-0053 and 2010-0055. The Third Circuit Court of Appeals dismissed 2010-0055 because it challenged the simple battery conviction, which is a misdemenaor and non-appealable. State v. Washington, 2010 WL 1573802, 2010-55 (La.App. 3 Cir. 4/21/10).

In the other appeal, 2010-53, Petitioner raised three issues: (1) the evidence adduced against him at trial was entirely circumstantial, and thus insufficient to support his conviction for simple burglary; (2) the trial court erred by conducting simultaneous trials of the misdemeanor, simple battery, and the felony, simple burglary, and that trying the separately-billed

---

[1]The application seeking an out-of-time appeal listed only the docket numbers of the underlying offenses - 08-309 and 08-310, not the habitual offender case of 09-584.

charges against him at the same time allowed the jury to hear "other crimes evidence" it would not have heard had the trials had been separate; and, (3) the twenty year sentence is excessive. State v. Washington, 2010 WL 3903959, 2010-53 (La.App. 3 Cir. 10/6/10). The appellate court found that the evidence supported Petitioner's conviction for simple burglary, that the record indicates the witnesses' descriptions of the initial dispatch did not prejudice Petitioner's case, and that the excessive sentence claim was barred because the sentence was agreed upon as part of a plea bargain in which Petitioner elected to admit to being a habitual offender. The conviction and sentence were affirmed. See State v. Washington, 2010 WL 3903959 (La.App. 3 Cir.), 2010-53 (La.App. 3 Cir. 10/6/10); writ denied, 61 So.3d 661, 2010-2533 (La. 3/25/11).

Petitioner states that he filed another application for post-conviction relief on or around March 13, 2012, which was denied. Writs were denied because the application for post-conviction relief was untimely under Louisiana law and because claims of excessiveness, habitual offender adjudication, or other sentencing errors, cannot be raised on post-conviction review. See State ex rel. Washington v. State, 133 So.3d 675, 2013-1822 (La. 2/21/14)(citing La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189; La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d

1172; <u>State v. Cotton</u>, 09-2397 (La.10/15/10), 45 So.3d 1030).

*Law and Analysis*

Title 28 U.S.C. § 2244(d)(1)(A) was amended by the AEDPA to provide a one-year period of limitations for the filing of applications for *writ of habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A). In this case, Petitioner's direct appeal ended on March 25, 2011, when the Louisiana Supreme Court denied writs. He then had ninety days within which to seek further review in the United States Supreme Court. U.S. Sup.Ct. R. 13; <u>Ott v. Johnson</u>, 192 F.3d 510, 513 (5th Cir. 1999). Petitioner did not seek further review in the Supreme Court, so his conviction became finale upon the expiration of the ninety day period, on or about June 25, 2011. Thus, Petitioner had one year from that date, or until June 25, 2012, to file his petition in this court under §2254. The habeas petition was not filed until June of 2014.

28 U.S.C. §2244(d)(2) provides for statutory tolling of the one-year limitations period of the time during which ***a properly filed application for post-conviction relief*** is pending in state court. <u>See also</u> <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir.1998). Petitioner's first application for post-conviction relief, seeking an out-of-time appeal, was filed in 2009 or 2010

4

and granted. Although he filed a second application for post-conviction relief on or around March 13, 2012, that application was untimely under article 930.8 and <u>State ex rel. Glover v. State</u>. <u>See</u> <u>State ex rel. Washington v. State</u>, 133 So.3d 675, 2013-1822 (La. 2/21/14). Moreover, the application was barred by <u>Melinie</u> and Article 930.3 of the Louisiana Code of Criminal Procedure. **Petitioner's 2012 application for post-conviction relief cannot toll the limitations period under the AEDPA because it was not "properly filed."** <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005)(A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA, and thus could not toll the limitations period.).

Thus, Petitioner had one year from the finality of his conviction, around June 25, 2011, within which to seek habeas relief in federal court. Because his petition in this Court was not filed until June 12, 2014, the petition is time-barred pursuant to 28 U.S.C. §2244(d)(1)(A).

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. <u>See</u> <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the

cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327 (2007)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case. There are no allegations that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his habeas claims.

### *Conclusion*

The available evidence clearly establishes that the instant petition is time-barred. Therefore, **IT IS RECOMMENDED** that Washington's petition for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** because the claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and

Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of

appealability should issue.  See 28 U.S.C. §2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 26th day of August, 2014.

```
                          _____
                          JAMES D. KIRK
                          UNITED STATES MAGISTRATE JUDGE
```